**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Virgil L. BURRIS, Defendant—**
**Appellant.**

**No. 09–30048.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2010.*

Filed May 7, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

684

Nancy D. Cook, Office of the U.S. Attorney, Coeur D'Alene, ID, Anthony G. Hall, Esquire, Assistant U.S., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Steven Paul Frampton, Esquire, Hayden Lake, ID, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, KLEINFELD and IKUTA, Circuit Judges.

### MEMORANDUM**

■ The district court didn't err in allowing Burris's counsel to withdraw the motions to compel and to sever. Although a defendant has the right "to make certain

fundamental decisions" in his case, the withdrawal of the motions here was not such a decision. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

■ The district court also correctly denied the motion for acquittal because there was sufficient evidence that Burris was a member of the conspiracy and responsible for the distribution of 500 grams of methamphetamine. *See United States v. Duran,* 189 F.3d 1071, 1078 (9th Cir.1999). Determining whether Swan's testimony was credible is precisely the sort of judgment reserved for the jury that we will not reconsider. *See United States v. Yossunthorn,* 167 F.3d 1267, 1270 (9th Cir.1999). Burris's selective quotation of the district court's statement at sentencing doesn't show that Swan's testimony is "incredible or insubstantial on its face." *Id.* (internal quotation marks omitted).

■ Venue was proper in Idaho because controlled purchases of methamphetamine occurred there. *See United States v. Meyers,* 847 F.2d 1408, 1411 (9th Cir.1988). Burris cites Federal Rule of Criminal Procedure 5(c)(2), but this rule governs initial appearances, not trial venues.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.